GRIFFITH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-202-CR

DAVID THOMAS GRIFFITH V APPELLANT

A/K/A DAVID GRIFFITH

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant David Thomas Griffith V appeals from his conviction and sixty-year sentence for murder in the stabbing death of Chris “Elmo” Valdez.  In two points, Appellant argues that the trial court erred by failing to grant his motion for new trial based on newly-discovered evidence and by admitting the blood-stained murder knife into evidence.  We affirm.

Background

Appellant and his friend Elmo lived in a trailer park in south Tarrant County.  On the evening of May 7, 2004, a crowd gathered in the trailer park, drinking beer and smoking marijuana.  Elmo was engaged in conversation with Appellant’s father.  Appellant approached the pair and confronted Elmo.  Elmo said, “I’m not going to fight you” and turned his back on Appellant.  Appellant then grabbed Elmo from behind and stabbed him in the chest.  Appellant fled while Elmo, pulling the knife from his own chest, fell to the ground and died.   A grand jury indicted Appellant for murder.  He initially pleaded “not guilty” but changed his plea to “guilty” in the middle of trial.  The jury ultimately assessed punishment at sixty years’ confinement. 

Motion for New Trial

In his first point, Appellant argues that the trial court erred by failing to grant his motion for new trial based on newly-discovered evidence.  The evidence in question is an affidavit from Appellant’s aunt, Maggie Savage.  Savage states that she observed an altercation between Appellant and Elmo on the day before the killing.  Both men held knives.  Appellant’s father broke up the fight and told Savage to take Appellant into her mobile home.  As she did so, she heard Elmo say to Appellant’s father, “I’m going to get your boy.”  Appellant argues that Savage’s testimony would mitigate punishment. 

A new trial shall be granted to an accused where material evidence favorable to the accused has been discovered since trial.  
Tex. Code Crim. Proc. Ann.
 art. 40.001 (Vernon Supp. 2005).  A trial court has discretion to decide whether to grant a new trial based upon newly-discovered evidence, and its ruling will not be reversed absent an abuse of discretion.
  Keeter v. State
, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002).  
Under the test articulated by the court of criminal appeals, to establish an abuse of discretion in the failure to grant a new trial based on newly-discovered evidence, the appellant must show that (1) the evidence was unknown to him before trial, (2) his failure to discover the evidence was not due to a lack of diligence, (3) it is probably true, and its materiality will probably bring about a different result upon a new trial, and (4) it is competent, not merely cumulative, corroborative, collateral, or impeaching.  
See id. 
at 36-37.  Motions for new trial based upon newly-discovered evidence are not favored by the courts and are viewed with great caution.  
Drew v. State
, 743 S.W.2d 207, 225 (Tex. Crim. App. 1987).

Appellant’s “newly-discovered” evidence fails the 
Keeter
 test on at least two of the four elements.  According to Savage’s affidavit, she was ushering Appellant into her home when she heard Elmo say, “I’m going to get your boy.”  At the very least, Appellant knew that Savage was a witness to the altercation on the day before the killing, even if he did not know that she heard Elmo utter the threat.  Therefore, Appellant has not shown that his failure to discover Savage’s testimony was not due to a lack of diligence as required by the second element of the 
Keeter
 test.  Moreover, in his own recorded statement to police, Appellant stated that Elmo had threatened him with a knife, and the State played the recorded statement to the jury.  Thus, the jury heard that Elmo had threatened Appellant, and Appellant cannot show that similar evidence from another witness would bring about a different result at a new trial as required by the third element of the 
Keeter
 test.  We therefore hold that the trial court did not abuse its discretion by denying Appellant’s motion for new trial, and we overrule his first point.

Admission of Murder Weapon

In his second point, Appellant argues that the trial court erred by admitting into evidence the bloody hunting knife with a seven-inch blade he used to kill Elmo over Appellant’s objection that the knife’s probative value was substantially outweighed by the danger of unfair prejudice and that it was cumulative of other evidence. 

We review the trial court’s admission of evidence for abuse of discretion.  
Montgomery v. State
, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990).  Rule 403 of the Texas Rules of Evidence provides that relevant evidence “may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.”  
Tex. R. Evid.
 403.
  
A rule 403 analysis by the trial court should include, but is not limited to, the following considerations:  (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational, yet indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent’s need for the evidence.  
See Erazo v. State
, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).

Appellant had already changed his plea from “not guilty” to “guilty” by the time the State offered the knife into evidence.  The trial court had also admitted, without objection, a photograph of the bloody knife at the crime scene.  The State argues that the knife itself had probative value as punishment-phase evidence because the size and style of the knife, coupled with the brutal manner with which Appellant used it to kill the victim, was relevant to sentencing and whether Appellant was an appropriate candidate for community service.  We agree.  The manner and weapon by which a defendant commits a murder is relevant to sentencing.  
See, e.g.,
 
Williams v. State,
 958 S.W.2d 186, 191 (Tex. Crim. App. 1997) (holding that defendant’s choice of weapon and brutal manner of attack supported jury’s punishment verdict).  The size of the knife is not apparent from the photograph; thus, the knife itself was probative evidence and was not merely cumulative of the photograph.

We see no potential for the knife—the actual murder weapon—to have impressed the jury in some irrational way.  The State spent a minimal amount of time developing the evidence and mentioned the knife but briefly in closing argument.  As we have already noted, the photograph of the knife does not convey its size; thus, the State had a need to offer the knife itself into evidence.

In light of the foregoing factors, we cannot say that the trial court abused its discretion by ruling that the knife’s probative value outweighed the danger of unfair prejudice and that the knife was not merely cumulative of other evidence.  We therefore overrule Appellant’s second point.

Conclusion

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 29, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.